[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13107 and 05-13342

_____

D. C. Docket No. 04-00020-CV-CDL-4

SANDRA J. DAVIS,

Plaintiff,

VELMA B. DUNCAN,
ROSA BROWN,
ANNETTE AMICK,

Plaintiffs-Appellants,

versus

VALLEY HOSPITALITY SERVICES, LLC,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(November 13, 2006)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs Velma B. Duncan, Rosa Brown, and Annette Amick appeal the district court's orders in their employment discrimination action denying class certification, No. 05-13107, and granting defendant Valley Hospitality Services, LLC ("Valley Hospitality") summary judgment, No. 05-13342.[1]

Duncan, Brown, and Amick were employed and fired by a hotel in Columbus, Georgia, owned by Valley Hospitality. Following their terminations, each filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Duncan alleged that she was fired because of her race, Brown alleged that she was fired because of her race and age, and Amick alleged that she was fired because of her age. R1-31, Exh. A. None of the EEOC charges sought to assert claims on behalf of other employees or alleged that Valley Hospitality's discrimination was class-wide. After Duncan and Brown had filed their charges but before Amick had filed her charge, Duncan and Brown's attorney sent a letter to the EEOC alleging that Valley Hospitality engaged in class-wide race and age discrimination and seeking "to amend their EEOC charges . . . for all other similarly situated employees." R2-33, Exh. A. The parties, however, took

<hr>

[1]. These appeals were consolidated with No. 05-13670, in which defendant Valley Hospitality Services, LLC appealed the district court's interlocutory order denying its motion for summary judgment against plaintiff Sandra J. Davis. We hereby vacate the consolidation of these appeals. This opinion deals only with Nos. 05-13107 and 05-13342. A separate opinion will be issued as to No. 05-13670.

no further action to amend their EEOC charges. After the EEOC issued right to sue letters, Duncan, Brown, and Amick filed their complaint.

The district court correctly granted Valley Hospitality's motion to dismiss the class-wide discrimination charges because the letter from Duncan and Brown's attorney did not comply with Title VII's charge and amendment requirements. The letter did not constitute a valid EEOC charge of discrimination because it was not verified and there was no effort made to amend it to include a verification. See Vason v. City of Montgomery, Ala., 240 F.3d 905, 907 (11th Cir. 2001) (per curiam). The letter did not validly amend the previously filed charge because it clearly sought to add new separate charges of class-wide discrimination instead of clarifying or amplifying the original allegations. See 29 C.F.R. § 1601.12(b); Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500, 502-03 (7th Cir. 1994). The charge, therefore, failed to give the EEOC or Valley Hospitality adequate notice that an investigation of class-wide discrimination was relevant to Duncan and Brown's individual claims. See Grayson v. K Mart Corp., 79 F.3d 1086, 1107 (11th Cir. 1996); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1979).

In a thorough and well-reasoned opinion, the district court also correctly granted Valley Hospitality's motion for summary judgment. The district court

dismissed Duncan, Brown, and Amick's disparate impact claims because the policy leading to their asserted claim did not give rise to a disparate impact. Duncan, Brown, and Amick argued that they were adversely affected by the hotel's policy regarding the "right look." This policy was not facially neutral, but facially discriminatory, and its impact was properly reviewed under Duncan, Brown and Amick's systemic disparate treatment claim. See EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1278 (11th Cir. 2000).

The district court correctly found that summary judgment was appropriate as to both the systemic and individual disparate impact claims of Duncan, Brown, and Amick. Duncan, Brown, and Amick claimed that Valley Hospitality's policy regarding a "right look" for employees treated African American and older employees less favorably and resulted in a greater discharge rate to them than that of white and younger employees. A plaintiff seeking to show an employer's pattern and practice of discrimination or disparate treatment based upon race and age must prove, typically through statistics and anecdotes, that the course of action was chosen at least in part because of its adverse effect on an identifiable group. Joe's Stone Crab, 220 F.3d at 1273-74, 1286-87. Duncan, Brown, and Amick failed to offer sufficient evidence to show that Valley Hospitality engaged in systemic disparate treatment as to positions in management or at the front desk.

4

They offered no statistical evidence, and the uncontradicted evidence submitted by Valley Hospitality reflected that, although two African American managers were terminated, one African American manager was retained, and two over 40-year-old African Americans were promoted to management. They failed to offer sufficient evidence to show disparate treatment in the discharge of older and African American front desk employees.

Duncan, Brown, and Amick also failed on their individual disparate treatment cases. To establish a prima facie case of disparate treatment, the plaintiff must show (1) membership in a protected group, (2) subjection to an adverse employment action, (3) qualification for a position, and (4) placement in the position of an individual outside of a protected group. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Duncan was a member of a protected class, was subjected to an adverse employment action, and was qualified for the position for which she applied. She was unable to show, however, that Valley Hospitality offered the position that she applied for to someone outside of the protected class or any other evidence of intentional discrimination on the basis of race. In fact, the evidence showed that the individual selected for the position instead of Duncan was an African American woman over the age of 40 who also qualified for the position.

5

Brown alleged that, while she was fired for certain infractions, white employees who committed the same infractions were retained. Although she established a prima facie case of discriminatory discharge, the evidence supported Valley Hospitality's proffered legitimate nondiscriminatory reasons for her dismissal and Brown failed to produce evidence showing that these reasons were pretextual. See R3-63 at 2; Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (plaintiff's "burden of proving pretext . . . can be met . . . by discrediting the employer's proffered explanation.").

Because the evidence showed that Amick's position was eliminated and she did not show that she was replaced with an individual outside of the protected group, she was unable to establish a prima facie case of discriminatory discharge. To the extent that she did make a prima facie case, she did not show that Valley Hospitality's proffered legitimate nondiscriminatory reason for her discharge was pretextual. The evidence showed that Valley Hospitality was concerned with Amick's performance and counseled her numerous times before her discharge. R3-62, Exh. at 10-13; Exh. 65 at 131-32, 135-46, Exhs. 18, 21, 23, 25. Valley Hospitality's proffered reason for Amick's termination is "one that might motivate a reasonable employer" and we will not consider her arguments as to the wisdom of that reason. Chapman, 229 F.3d at 1030-31.

For the reasons stated above, the district court's dismissal of the class-wide discrimination charges and grant of summary judgment on Duncan, Brown, and Amick's systemic and individual disparate treatment claims are

**AFFIRMED.**